**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RAVIEL WINTERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 16 CV 10777 |
| | ) | |
| JULIE HAMOS, AS DIRECTOR OF | ) | Hon. Thomas M. Durkin |
| THE ILLINOIS DEPARTMENT OF | ) | |
| HEALTHCARE AND FAMILY SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Illinois Department of Healthcare and Family Services ("HFS"), by and through its attorney, Lisa Madigan, Attorney General of Illinois, submits this reply in further support of its motion to dismiss Plaintiff Raviel Winters' ("Plaintiff") First Amended Complaint ("Amended Complaint" or "Cmplt.") pursuant to Federal Rule of Civil Procedure 12(b)(6).

**ARGUMENT**

Plaintiff's Amended Complaint should be dismissed. As argued in Defendant's opening brief, Plaintiff fails to put HFS on adequate notice of his claims, has failed to exhaust his administrative remedies, and has failed to state a claim upon which relief can be granted. Rather than meaningfully engage with HFS' arguments, Plaintiff's Response conflates the requirements for various claims of discrimination, seeks to strike certain allegations from his Amended Complaint, and expressly withdraws claims in at least two of his counts. HFS submits that Plaintiff's efforts are not appropriate at this juncture and that for these reasons, and those explained more fully in its opening brief, Plaintiff's Amended Complaint should be dismissed.

## I. Plaintiff failed to exhaust his administrative remedies.

In its opening brief, HFS argued that to the extent Plaintiff sought to recover for discrete acts of alleged discrimination, he had failed to exhaust his administrative remedies. [Dkt. 21, Def's Mot. Memo at 5-7]. Plaintiff responded that although he had failed to include certain allegations at the EEOC, and despite the fact that "the scope of [a] subsequent judicial proceeding[] is limited by the . . . charges filed with the EEOC," each of his discrimination claims "could have developed from the EEOC's investigation[.]" [*see* Dkt. 23, P's Resp. at 5]. Plaintiff's Response completely ignores the fact that he seemingly seeks to recover for at least four acts of alleged discrimination that <u>postdate</u> both his charges of discrimination and the EEOC's issuance of his "Right to Sue letter[s]," among other untimely allegations. [*See* Cmplt. ¶¶ 10, 98, incorporated into each of his Counts at ¶¶101, 106, 111, 116, 121, 126, 131 and Exhibits A through D of his Amended Complaint]. It is incomprehensible how these alleged acts of discrimination could have been investigated by the EEOC when they were not included in Plaintiff's EEOC charges and occurred <u>after</u> the EEOC terminated its investigation. Accordingly, and as explained more fully in HFS' opening brief, Plaintiff failed to exhaust his administrative remedies and his Amended Complaint should be dismissed. [Dkt. 21, Def's Mot. Memo at 6-7]

## II. Plaintiff fails to adequately allege a hostile work environment.

It remains unclear to what extent Plaintiff seeks to recover damages for alleged acts of discrete discrimination versus an alleged hostile work environment[1]. Nonetheless, to the extent Plaintiff seeks to recover for an alleged hostile work environment, he has failed to adequately plead the same. As indicated in HFS' opening brief, Plaintiff must allege, among other things, that the

---

[1] Plaintiff waives any hostile work environment claims in Counts I and IV. [Dkt. 23, P's Resp. at 12]

work environment was objectively and subjectively offensive, that the harassment was based on his membership in a protected class, and that the conduct was either severe or pervasive. [Dkt. 21, Def's Mot. Memo at 8]. The few conclusory allegations Plaintiff makes in his Amended Complaint do not meet the requisite standard of severe or pervasive, nor do they indicate that any alleged action was based on his membership in a protected class, much less allege the requisite hellish workplace for his claim to proceed. [Id. at 9]. Because Plaintiff fails to adequately allege that he was subjected to a hostile work environment, and because he failed to exhaust his administrative remedies regarding discrete acts of discrimination to which he was allegedly subjected, his Amended Complaint should be dismissed.

WHEREFORE, Defendant Illinois Department of Healthcare and Family Services respectfully requests that this Court grant its motion and dismiss Plaintiff Raviel Winters' Amended Complaint, for the reasons stated above and in its opening brief, and enter such further relief the Court finds reasonable and just.

|  |  |
|---|---|
| LISA MADIGAN<br>Attorney General of Illinois | Respectfully submitted,<br><br>By: s/ Brian Pilon<br>BRIAN PILON<br>Assistant Attorney General<br>General Law Bureau<br>100 W. Randolph St., 13th Fl.<br>Chicago, Illinois 60601<br>(312) 814-4324<br>bpilon@atg.state.il.us |