**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RAVIEL WINTERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 16 CV 10777 |
| | ) | |
| JULIE HAMOS, AS DIRECTOR OF | ) | Hon. Thomas M. Durkin |
| THE ILLINOIS DEPARTMENT OF | ) | |
| HEALTHCARE AND FAMILY SERVICES | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant Illinois Department of Healthcare and Family Services ("HFS"), by and through

its attorney, Lisa Madigan, Attorney General of Illinois, submits this memorandum of law in

support of its motion to dismiss Sections I through VI of Plaintiff Raviel Winters' ("Plaintiff")

Third Amended Complaint ("Complaint" or "Cmplt.") pursuant to Federal Rule of Civil Procedure

12(b)(6).

## INTRODUCTION

On November 21, 2016, Plaintiff initiated the present action. [Dkt. No. 1]. On November

23, 2016, Plaintiff filed a Corrected Amended Complaint, which Defendant moved to dismiss on

February 6, 2017. [Dkt. Nos. 4, 14]. On March 7, 2017, Plaintiff filed his First Amended

Complaint which, through various procedural means, has been superseded by a Second Amended,

a Corrected Second Amended, and now Plaintiff's seven-count Third Amended Complaint.

("Cmplt."). In Counts I, II, and III, Plaintiff alleges race and sex discrimination, as well as

retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e

*et seq.* ("Title VII"); in Counts IV and V, Plaintiff alleges discrimination and retaliation in violation

of the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §12101 *et seq.*; and, in Counts VI and VII, Plaintiff alleges retaliation and interference with the exercise of his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq*. As in each previous iteration of his complaint, Plaintiff fails to place HFS on adequate notice of his claims and the grounds upon which each is based. Accordingly, and as laid out more fully below, the Court should dismiss Counts I through VI of Plaintiff's Third Amended Complaint.

## BACKGROUND

HFS hired Plaintiff in or around June of 2014 as a Public Aid Investigator. [Cmplt. ¶12] In his Complaint, Plaintiff details various conversations, observations and events involving untold individuals, which began as early as his job orientation and end as late as June of 2017. [Cmplt. ¶¶14-17, 112]. Plaintiff's allegations include his need to write work reports a particular way [Cmplt. ¶20], his one-time supervisor's failure to offer condolences when informed of Plaintiff's aunt's death [Cmplt. ¶25], the lack of "positive commentary" on a returned case report [Cmplt. ¶41] and an Assistant Bureau Chief's complaint that Plaintiff was "jamming him up with email." [Cmplt. ¶89]. Interspersed in the Complaint are allegations of heavier workloads and inadequate training [Cmplt. ¶26], the rejection of Plaintiff's application for various positions [Cmplt. ¶¶27, 112], performance reviews with "unwarranted" criticism [Cmplt. ¶¶109, 111] as well as oral and written discipline [Cmplt. ¶¶ 77, 110]. In sum, Plaintiff narrates and grieves three years of employment.

On October 3, 2015, Plaintiff filed his first charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). [Exhibit A to Cmplt.]. Plaintiff alleged discrimination based on race, sex and retaliation and alleged that he had "been subjected to different terms and conditions than similarly situated [employees], including but not limited to, heavier workload and increased scrutiny." *Id*. On or about April 28, 2016, Plaintiff filed his

second EEOC charge and selected discrimination based on race, color, age, disability, retaliation and hostile environment. Much like his previous charge, Plaintiff's allegations revolved around "being treated differently," "being subjected to heavier workloads and increased scrutiny," as well as retaliation through his receipt of two deficient performance evaluations. [Exhibit C to Cmplt.]

On or about February 21, 2017, Plaintiff filed his third EEOC charge and selected discrimination based on race, sex, age and disability, and also alleged retaliation, complaining of "different terms and conditions of employment, including . . . being denied a flex-schedule . . . [as well as] be[ing] disciplined and harassed." [Exhibit E to Cmplt.]. On or about April 21, 2017, Plaintiff filed his fourth EEOC charge and selected discrimination based on race, sex and disability and alleged retaliation, complaining of "different terms and conditions of employment, including, but not limited to, receiving a poor evaluation . . . [and being] disciplined and harassed." [Exhibit G to Cmplt.]

Defendant now moves to dismiss Counts I through VI of Plaintiff's Third Amended Complaint for its failure to meet federal pleading standards and its failure state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted. *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). The Court must take all well-pleaded facts alleged in Plaintiff's complaint as true and draw all reasonable inferences from those facts in favor of the Plaintiff. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Plaintiff must give the defendant fair notice of what the claim is, and the grounds upon which it rests, by providing sufficient factual allegations to his right to relief above the speculative level. *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007). Put differently, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

3

*Iqbal,* 556 U.S. at 678.  If he fails to do so, Plaintiff pleads himself out of court.  *E.E.O.C. v. Concentra Health Serv. Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

<u>ARGUMENT</u>

Counts I through VI of Plaintiff's Third Amended Complaint should be dismissed for failing to meet the pleading standards of Federal Rule of Civil Procedure 8(a) and for Plaintiff's failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Namely, Plaintiff fails to put Defendant on adequate notice of the claims levied in this matter.  Defendant also moves to dismiss Plaintiff's Complaint because he includes allegations of adverse actions that were never presented to the EEOC and are thus not properly before this Court, as Plaintiff has not exhausted his administrative remedies.

**I.    PLAINTIFF'S COMPLAINT FAILS BECAUSE HE DOES NOT PUT HFS ON ADEQUATE NOTICE OF HIS CLAIMS**

Counts I through VI of Plaintiff's Third Amended Complaint should be dismissed because Plaintiff fails to provide HFS with sufficient notice of his claims and the grounds upon which each is based.  Plaintiff's claims are not decipherable and any bases for the same are indistinguishable, as Plaintiff conceals his claims of discrimination and retaliation with the open-ended phrase "including but not limited to."   [Cmplt. ¶¶117, 123, 127, 133, 138, 142].  For example, and as repeated throughout his Complaint, Plaintiff alleges that HFS has "discriminated against Plaintiff . . . based upon his race, including but not limited to[,] failing to train him, failing to provide him with performance reviews, providing him with baseless poor performance reviews, failing to take him off of probationary status, providing him with an excessive workload, denying his Flex Time, suspending him for 7 days, and subjecting him to a hostile work environment." [Cmplt. ¶117].  It is entirely unclear from Plaintiff's Complaint which acts he submits constitute discrimination or retaliation, whether there are claims not otherwise identified, whether the events already identified

4

constitute separate claims of discrimination or retaliation and/or whether he has combines them all into the alleged "hostile work environment" for which he also seeks to recover.

Moreover, Plaintiff obscures meaningful allegations with an unnecessary narrative of three years of his employment, which he "re-alleges . . . and incorporates" into his labeled counts. [Cmplt. ¶¶115, 120, 125, 130, 135, 139, 144]. For example, Plaintiff's alleges that a "Senior Public Aid Investigator told [him] at . . . orientation that she had never seen so many men hired at one time[,]" [Cmplt. ¶16], and that Plaintiff was told that he and another male employee were "going to 'sink or swim.'" [Cmplt. ¶23] Plaintiff curiously reincorporates these allegations, at best regarding sex, into his allegations of race and disability discrimination, as well as his allegations of FMLA retaliation, among others. Not only do those alleged statements lack any decipherable correlation to Plaintiff's allegations regarding race or disability discrimination, they predate any allegation regarding Plaintiff's alleged effort to obtain FMLA leave. Nonetheless, they appear to form the basis of Plaintiff's claims of race and disability discrimination as well as FMLA retaliation.

HFS has been forced to scour Plaintiff's allegations in an effort to decipher the grounds upon which he bases his claims, and it submits that neither it, nor the Court, should be subjected to such an exercise. *See Griffin v. Milwaukee County*, 369 F. App'x 741 (7th Cir. 2010) (district court could properly dismiss unintelligible complaint). Accordingly, the Court should dismiss Counts I through VI of Plaintiff's Third Amended Complaint.

**II.     PLAINTIFF'S CLAIMS IN COUNTS I-V SHOULD BE DISMISSED BECAUSE HE FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES**

Plaintiff's ambiguous complaint also fails to parse the allegations in support of his different theories of discrimination. To the extent Plaintiff alleges that all of the conduct identified in his complaint supports his sex, race, disability discrimination and retaliation, his claims fall outside of his EEOC Charges, and therefore should be dismissed. As a general rule, a plaintiff cannot bring claims in his lawsuit that were not included in his EEOC charge. *Cheek v. W. and S. Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)). This rule serves the purpose of warning the employer of the conduct about which the employee grieves. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir.1992). It is not jurisdictional; rather it is a condition precedent – a statute of limitations – with which a Title VII plaintiff must comply. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982) and *Babrocky v. Jewel Food Co.*, 773 F.2d 857 (7th Cir. 1985)). To allow otherwise would frustrate the EEOC's investigatory and conciliatory role, and deprive the employer of notice of the allegations. *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).

Here, Plaintiff identifies in his Complaint a series of adverse actions which he alleges to have been subjected to including failure to train, the denial of transfers and several positions for which he "applied . . . [and] was well qualified for but . . . did not receive." [*See e.g.* Cmplt. ¶¶ 36, 112]. None of the EEOC charges attached to Plaintiff's Complaint relate to such matters. [Exhibits A, C, E, G to Cmplt.]. Rather, Plaintiff's grievances at the EEOC relate only to heavier workloads, increased scrutiny and deficient performance evaluations. [*See* Exhibits A, C, E, G to Cmplt.]. Additionally, Plaintiff's Complaint includes allegations of a poor evaluation that postdates any charge of discrimination that he filed with the EEOC. [Cmplt. ¶111]. Because Plaintiff did not file a charge of discrimination regarding these alleged adverse acts, he cannot

bring those claims in the present lawsuit, and Counts I – V should be dismissed for Plaintiff's failure to exhaust his administrative remedies.

### III. PLAINTIFF'S COUNTS I-V SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

To the extent Plaintiff seeks to recover for an alleged hostile work environment, he fails to state a plausible claim for the same. To state a claim for a hostile work environment, Plaintiff must allege that (1) the work environment was objectively and subjectively offensive; (2) the harassment was based on his membership in a protected class; (3) the conduct was either severe or pervasive; and (4) there is a basis for employer liability. *Alamo v. City of Chicago*, No. 12 C 4327, 2015 WL 4554759 at *4 (N.D. Ill. July 28, 2015). Courts look at the totality of the circumstances to determine whether the conduct is sufficiently severe or pervasive to be actionable, including the frequency of the discriminatory conduct, whether it is physically threatening or humiliating, or a mere offensive utterance, whether it unreasonably interferes with an employee's work performance and whether it was directed at the victim. *Id.* (citing *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 552 (7th Cir. 2002); *see also Ezell v. Potter*, 400 F.3d 1041, 1047-48 (7th Cir. 2005) (citing *Hostetler v. Quality Dining, Inc.*, 218 F.3d 798, 806-07 (7th Cir. 2000)). Only a hellish workplace is actionable as a hostile work environment. *Perry v. Harris Chernin Inc.*, 126 F.3d 1010, 1013 (7th Cir. 1997). Here, Plaintiff makes no effort to identify how or why any of allegations are indicative of discrimination or retaliation based on his membership in a protected class, much less allege the requisite hellish workplace. [*See generally* Cmplt.]. As such, Counts I – VI should be dismissed in their entirety.

### IV. HFS MOVES FOR AN EXTENSION OF TIME TO ANSWER PLAINTIFF'S FMLA INTERFERENCE CLAIM (COUNT VII)

Finally, pursuant to Rule 6(b), Defendant HFS requests that this Court extend its time to answer Count VII of Plaintiff's Amended Complaint, titled FMLA Interference claim until twenty-one days after this Court rules on the instant Motion to Dismiss. This would negate any potential for piecemeal pleadings and maximize efficiency for the parties and the Court.

WHEREFORE, Defendant Illinois Department of Healthcare and Family Services respectfully requests that this Court grant its motion and dismiss Counts I through VI of Plaintiff Raviel Winters' Third Amended Complaint and grant HFS any other relief that the Court deems reasonable and just.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By: s/ Brian Pilon
BRIAN PILON
Assistant Attorney General
General Law Bureau
100 W. Randolph St., 13th Fl.
Chicago, Illinois 60601
(312) 814-4324
bpilon@atg.state.il.us

8