UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **RAVIEL WINTERS** | ) | |
| | ) | |
| Plaintiff, | ) | No: 16 CV 10777 |
| | ) | Judge: Hon. Thomas Durkin |
| vs. | ) | |
| | ) | |
| **JULIE HAMOS, AS DIRECTOR OF THE ILLINOIS DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES,** | ) ) ) ) | |
| | ) | **JURY DEMAND** |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT**

Plaintiff, **RAVIEL WINTERS** ("Winters" or "Plaintiff"), by and through his attorney, Michael T. Smith, respectfully submits this Memorandum of Law in Opposition to defendant **JULIE HAMOS, AS DIRECTOR OF THE ILLINOIS DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES** ("HFS" or "Defendant") Motion to Dismiss Plaintiff's Complaint. For the reasons set forth herein, Plaintiff respectfully requests that Defendant's motion be denied in its entirety.

**INTRODUCTION**

Plaintiff has filed a seven-count third amended complaint ("Amended Complaint") against Defendant stating claims for race, sex, and disability discrimination and hostile work environment, Title VII retaliation, ADA retaliation, and FMLA interference and retaliation. Defendant has filed a motion to dismiss Plaintiff's Complaint ("Defendant's Motion"), with the exception of the FMLA interference claim, arguing: (1) That Plaintiff has not put Defendant on adequate notice of his claims; (2) that Plaintiff failed to exhaust administrative remedies as to

1

counts 1 through 5; (3) that the negative performance evaluations do not rise to the level of "adverse employment actions"; and (4) that, regarding Plaintiff's FMLA retaliation claim, he failed to allege an adverse employment action. Plaintiff disagrees with all of Defendant's arguments and will address each of them herein.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). Also, a "motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). "[A] plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses . . . ." *Independent Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012).

## ARGUMENT

### I. PLAINTIFF'S COMPLAINT GIVES DEFENDANT ADEQUATE NOTICE OF HIS CLAIMS

Defendant appears to argue that Plaintiff's complaint is unintelligible. This is simply not true. Plaintiff clearly provides the factual detail to support all his claims in Paragraphs 1-100, and then, for each of the seven counts, clearly and concisely states the conduct that he argues forms the basis of each cause of action. (*See* Plf.'s Third Am. Compl. ¶¶ 117, 123, 127, 133, 138, 142, Dkt. No. 37 at pp. 6-50). In its Memorandum in Support of Motion to Dismiss, Defendant provides an example of where Plaintiff's Amended Complaint fails to put Defendant on notice of his claims:

> Plaintiff alleges that HFS has "discriminated against Plaintiff . . . based upon his race, including but not limited to[,] failing to train him, failing to provide him with performance reviews, providing him with baseless poor performance reviews, failing to take him off of probationary status, providing him with an excessive workload, denying his Flex Time, suspending him for 7 days, and subjecting him to a hostile work environment." [Cmplt. ¶117]. It is entirely unclear from Plaintiff's Complaint which acts he submits constitute discrimination or retaliation, whether there are claims not otherwise identified, whether the events already identified constitute separate claims of discrimination or retaliation and/or whether he has combines them all into the alleged "hostile work environment" for which he also seeks to recover. (Def.'s Br. in Supp. of Mot. to Dismiss at pp. 4-5, Dkt. 43).

Defendant's argument that it is "entirely unclear which acts he submits constitute discrimination or retaliation" does not make sense in light of the fact that Plaintiff has a separate count for retaliation that specifically states that conduct that Plaintiff claims was retaliatory. Plaintiff is alleging that all of the specific conduct in Plaintiff's Amended Complaint that was quoted by Defendant was committed by Defendant based upon his race. So, as to the language quoted by Defendant above, Plaintiff claims that he was discriminated against based upon his race when Defendant failed to train him, failed to provide him with performance reviews,

provided him with baseless poor performance reviews, failed to take him off of probationary status, provided him with an excessive workload, denied his Flex Time, suspended him for 7 days, and subjected him to a hostile work environment. The language is unambiguous and each count of Plaintiff's Amended Complaint also provides similar detail. Put simply, all of the specific actions of Defendant that are listed in each count of Plaintiff's Amended Complaint, are the actions that Plaintiff alleges were taken by Defendant based upon the protected class identified in the count at issue.

As to Defendant's argument that it is unclear whether the acts listed under each count of Plaintiff's Amended Complaint are the basis for Plaintiff's hostile work environment claims, or whether there exists additional conduct that form a basis of Plaintiff's hostile work environment claims, Plaintiff does not need to list in his complaint every incident that forms a basis for his hostile work environment claim because only notice pleading is required. Taking all inferences in Plaintiff's favor at this stage in the litigation, the conduct that Plaintiff does specifically identify does form a basis for his hostile work environment claim. Defendant can ascertain whether there is additional conduct forming a basis for Plaintiff's hostile work environment claim through the discovery process. What is listed now, however, is at least sufficient.

As to Defendant's argument that Plaintiff "incorporating by reference" prior allegations in Plaintiff's Complaint at the beginning of each count somehow makes the count confusing, such confusion is cleared up each count's allegation specifically identifying the conduct forming the basis of the claim in the count. (*See* Plf.'s Third Am. Compl. ¶¶ 117, 123, 127, 133, 138, 142, Dkt. No. 37 at pp. 6-50).[1]

---

[1] Admittedly, the numbering of the "incorporated" allegations in each count is misstated. Each count should incorporate by reference only Paragraphs 1-114. To the extent that the Court's decision on Defendant's MTD is affected by the misstated paragraphs, Plaintiff will file a Fourth Amended Complaint that correctly states the incorporated allegations.

4

## II. PLAINTIFF HAS NOT FAILED TO EXHAUST ADMINISTRATIVE REMEDIES AS TO HIS CLAIMS IN COUNTS 1-5.

Generally "the scope of the subsequent judicial proceedings is limited by the nature of the charges filed with the EEOC" *Brindley* 761 F. Supp. 2d at 805 (citing *Rush v. McDonald's Corp.,* 966 F.2d 1104, 1110 (7th Cir.1992). Such a limitation "gives the employer some warning of the conduct about which the employee is aggrieved, and it affords the agency and the employer an opportunity to attempt conciliation without resort to the court". *Id.* "But that statement of scope does not act as a straitjacket, for a plaintiff may also bring claims that are like or reasonably related to the allegations of the charge and growing out of such allegations" *Id.* (citing *Swearnigen–El v. Cook County Sheriff's Dep't,* 602 F.3d 852, 864 (7th Cir.2010)). In determining whether an allegation in a complaint falls within the scope of an EEOC charge, "[t]he court looks at whether they are like or reasonably related to those contained in the EEOC [charge]. If they are, the court then asks whether the current claim reasonably could have developed from the EEOC's investigation of the charges before it." *Cheek v. Peabody Coal Co.,* 97 F.3d 200, 202 (7th Cir.1996).

Plaintiff filed his first charge with the EEOC against Defendant on October 7, 2015, alleging race and sex discrimination and retaliation. Plaintiff states in the charge that he has been subjected to "different terms and conditions of employment . . . including but not limited to heavier workload and increased scrutiny" and that after he filed an internal EEO complaint, he received deficient performance evaluations. (Plf.'s Third Am. Compl., Ex. A). Plaintiff filed a second EEOC charge of race, gender, and disability discrimination, retaliation, and hostile work environment after April 28, 2016. In that charge, Plaintiff stated again that he was subjected to heavier workloads and increased scrutiny, that he received deficient performance reviews, and mentions the internal complaint of discrimination he made against Defendant in 2014. Plaintiff

5

also mentions in that charge that his FMLA leave rights were interfered with. (Plf.'s Third Am. Compl., Ex. C). Plaintiff noted "hostile work environment" in one of the boxes indicating the bases for discrimination, checked the continuing action box, and notes that the earliest date of discrimination took place on June 14, 2014.[2] Plaintiff filed a third EEOC charge on February 24, 2017, adding that he had been denied flex time and "harassed". Plaintiff's charge states that it was a "continuing action". (Plf.'s Third Am. Compl., Ex. E). This charge does not include an "earliest" date. Plaintiff filed a fourth EEOC charge on or about April 21, 2017, alleging that he had received a poor evaluation, and had been "disciplined and harassed". This last charge also states that it was a "continuing action". (Plf.'s Third Am. Compl., Ex. G).

Defendant argues that Plaintiff's allegations concerning Defendant's failure to train him, denial of transfers, and denial of several positions for which he applied but was denied despite being qualified for, were not included in any of his four EEOC charges and, consequently, Plaintiff has failed to exhaust his administrative remedies. Plaintiff will address Defendant's arguments below as they apply to each count.

### A. Counts 1 and 2 - Race/Sex Discrimination

As to Counts 1 and 2, Plaintiff alleges that, "Defendant has discriminated against Plaintiff and subjected him to different terms and conditions of employment based upon his race, including but not limited to failing to train him, failing to provide him with performance reviews, providing him with baseless poor performance reviews, failing to take him off of probationary status, providing him with a greater workload but for the same amount of compensation as his

---

[2] Plaintiff notes in a footnote that the instances of discrimination mentioned in the Complaint occurring prior to December 11, 2014 (300 days prior to first EEOC charge being filed) are time barred as discrete acts, but may be included as part of his hostile work environment claim. (Plf.'s First Am. Compl. ¶ 117, FN 1). *See Brindley v. Target Corp.*, 761 F. Supp. 2d 801, 804 (N.D. Ill. 2011) (citing *Nat'l R.R. Passenger Corp. v. Morgan ["Amtrak"]*, 536 U.S. 101, 117 (2002)) ("Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability."). This would take out, as discrete acts, acts of discrimination alleged in Plaintiff's Complaint prior to Paragraph 31.

peers, denying his Flex Time, suspending him for 7 days, and subjecting him to a hostile work environment." (Plf.'s Third Am. Compl. ¶¶ 117, 123).

The conduct alleged in Plaintiff's Amended Complaint that forms a basis for his race and sex discrimination claims (Counts 1 and 2) that is not specifically mentioned in any of his EEOC charges includes: Failure to train him, failure to provide him with performance reviews, and failing to take him off probationary status. The question, then, is whether such conduct was like or reasonably related to Plaintiff's allegations of heavier workload, increased scrutiny, and baseless poor performance reviews and could have developed from the EEOC's investigation into those allegations. The answer is yes. The failure to train Plaintiff in the ways described within the complaint, the failure to provide him with performance reviews, the failure to take him off probationary status, all while giving Plaintiff a heavier caseload and telling him he would have to do cases by himself, are most certainly like or reasonably related to the allegations of "increased scrutiny" and "heavier workload" contained within Plaintiff's EEOC charges and would have been discovered through an investigation into those allegations. Furthermore, all of the conduct alleged prior to July, 2016, involved the same supervisor, Ms. Campos.

Second, even if Plaintiff did fail to exhaust his administrative remedies concerning such conduct as "discrete acts" of discrimination, they can still serve as a basis for his hostile work environment claim, which was stated in his second, third, and fourth charges.[3] "Because a hostile work environment is a single unlawful practice under Title VII, a discrimination charge based on a hostile work environment encompasses all the events during that hostile environment so long as the charge is filed within the charging period (here, within 300 days of "the last act

---

[3] Plainitff's third and fourth EEOC charges allege "harassment", which is sufficient to econd *See Huri v. Office of the Chief Judge of the Circuit Court of Cook County*, 804 F.3d 826, 832 (7th Cir. 2015) (holding that use of the word harassment in an EEOC charge is like or reasonably related to a hostile work environment claim, even if the words "hostile work environment" do not appear on the charge)

said to constitute the discriminatory working condition)." *Scruggs v. Garst Seed Co.,* 587 F.3d 832, 840 (7th Cir. 2009) (citing *Bright v. Hill's Pet Nutrition, Inc.,* 510 F.3d 766, 768 (7th Cir.2007)).

### B.  Count 4 - Disability Discrimination

As to Counts 4, Plaintiff alleges that Defendant engaged in conduct "including but not limited to increasing his workload, denying him training received by less senior non-disabled individuals, putting him on "proof status", failing to give him performance reviews, issuing him baseless negative reviews, stating that he would "have to do cases by himself", failing to process his cases, denying him certification off of probationary status, denying him FMLA, denying his transfer requests, suspending him for 7 days, and subjecting him to a hostile work environment" (Plf.'s First Am. Compl. ¶ 133).

The conduct alleged in Plaintiff's Complaint that forms the basis for Count 4 that is not included in his EEOC charges (and has not already been addressed in Section II(A) above), includes: Putting Plaintiff on "proof status", failing to process his cases, and denying his transfer requests.  Regarding Plaintiff's allegation that he had been placed on "proof status", this meant that he had to bring in a doctor's note any time he was sick, and therefore falls under the allegation of "increased scrutiny" contained within Plaintiff's EEOC charges. Regarding Plaintiff's allegation that Defendant failed to process his cases, this is not outside the scope of his EEOC charges because being this is sufficiently like or reasonably related to the allegation in his EEOC charges that he was given a heavier workload and subjected to increased scrutiny as it affected his ability to complete his work and perform well.  As to the allegation in Count 4 that Plaintiff had been denied transfers, Plaintiff will withdraw that claim as a discrete act and assert it only as part of his disability hostile work environment claim. Plaintiff will do the same as to the denial of transfers allegations in Counts 3 and 5.

8

## C. Counts 3 and 5 - Title VII Retaliation and ADA Retaliation

As to Counts 3 and 5, Plaintiff alleges that Defendant engaged in conduct "including but not limited to increasing his workload, denying him training received by less senior individuals who had not complained of discrimination, putting him on "proof status", failing to give him performance reviews, issuing him baseless negative reviews, stating that he would "have to do cases by himself", failing to process his cases, denying him certification off of probationary status, denying him FMLA, denying his transfer requests, denying his Flex Time, failing to submit his disability leave papers for processing to SERS, disciplining him for "discourteous emails", requesting him to turn in his IG badge and credentials, suspending him for 7 days, and subjecting him to a hostile work environment, all based upon his engaging in protected activity" (Plf.'s First Am. Compl. ¶¶ 127, 138).

The conduct alleged in Plaintiff's Complaint that forms a basis for Counts 3 and 5 that is not included in his EEOC charges (and has not already been addressed in Sections II(A) and (B) above), includes: Failing to submit his disability leave papers for processing to SERS, and requesting him to turn in his IG badge and credentials. Plaintiff, however, does not have to exhaust his administrative remedies as to this conduct (as well as the all other conduct occurring after Plaintiff filed his first EEOC charge) because it was allegedly committed in retaliation for filing a previous charge of discrimination with the EEOC. *See Mckenzie v. Illinois Department of Transportation*, 92 F.3d 473, 482 (7th Cir. 1996) (quoting *Gupta v. East Texas State University,* 654 F.2d 411, 414 (5th Cir.1981) (followed by *Smith v. Rosebud Farmstand*, 909 F. Supp. 2d 1001, 1006 (N.D. Ill. 2012) (citing *Kirkland v. Buffalo Bd. of Educ.*, 622 F.2d 1066 (2d Cir. 1980) (holding that the act of retaliation was "directly related" to plaintiff's initiation of litigation and that no second EEOC charge was necessary) and *Nealon v. Stone*, 958 F.2d 584 (4th Cir. 1992) (holding that retaliation claim may be raised for the first time in federal court)

9

and *Bouman v. Block*, 940 F.2d 1211 (9th Cir. 1991) (holding that retaliation claim was "reasonably related" to prior sex discrimination claim) and *Brown v. Hartshorne Public Sch. Dist. No. 1*, 864 F.2d 680 (10th Cir. 1988) (holding that retaliation arising out of first EEOC filing was "reasonably related" to that filing, obviating the need for a second EEOC charge))). It is clear that, incidents of retaliation alleged by Plaintiff that occurred after the filing of his EEOC charge may be considered as part of Plaintiff's retaliation claim, despite the fact those incidents were not specifically alleged in his administrative filing. *Smith*, 909 F. Supp. 2d at 1006 (N.D. Ill. 2012). "Retaliation claims arising from the filing of an EEOC charge need not comply with the exhaustion requirement." *Heuer v. Weil-McLain*, 203 F.3d 1021, 1023 (7th Cir. 2001) (followed by *Griffin v. Chi. Hous. Auth.*, 2014 U.S. Dist. LEXIS 164118, 10-11 (N.D. Ill. Nov. 24, 2014)).

### III. PLAINTIFF HAS STATED A CLAIM FOR HOSTILE WORK ENVIRONMENT

Defendant argues that the conduct alleged by Plaintiff as to his claims of hostile work environment does not amount to a sufficiently severe and hostile work environment and does not sufficiently relate to a protected class to state a claim. "Title VII prohibits an employer from maintaining a workplace that is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Shanoff v. Ill. Dep't of Human Servs.,* 258 F.3d 696, 704 (7th Cir. Ill. 2001) (quotations and citations omitted). "To prevail on his hostile environment claim, [a plaintiff] must show that his work environment was objectively hostile. *Id.* (quotations and citations omitted). "An objectively hostile environment is one that a reasonable person would find hostile or abusive." *Id.* (quotations and citations omitted). "In determining whether a plaintiff has met this standard, courts must consider all the circumstances, including 'the frequency of the discriminatory conduct; its severity; whether it was physically

10

threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. *Id.* (quotations and citations omitted). A court can determine whether an environment is hostile or abusive "only by looking at all the circumstances," as "no single factor is required." *Id.* (quotations and citations omitted). "Regarding the frequency of the harassment, there is no 'magic number' of incidents that give rise to a cause of action." *Id.* (quotations and citations omitted). Lastly, the plaintiff need not show that the alleged conduct was both severe *and* pervasive; either is sufficient. *Smith v. Sheahan,* 189 F.3d 529, 533 (7th Cir. 1999).

In the case at bar, Plaintiff alleges that he increased his workload, denied him training, put him on "proof status", failed to give him performance reviews, issued him baseless negative reviews, stated that he would "have to do cases by himself", failed to process his cases, denied him certification off of probationary status, denied him FMLA, denied him transfer requests, denying his Flex Time, failing to submit his disability leave papers for processing to SERS, disciplining him for "discourteous emails", requesting him to turn in his IG badge and credentials, suspending him for 7 days. Plaintiff also alleges incidents of him being screamed at by his supervisors. Although none of those incidents may be particularly "severe" standing alone, a reasonable jury could conclude that the incidents, when taken together, especially in the context of a retaliatory hostile work environment, are sufficiently pervasive to objectively constitute a hostile work environment. The comments made to Plaintiff concerning gender and the circumstances surrounding the actions taken against him, sufficiently link gender to the hostile work environment he was receiving. Similarly, the timing of the actions taken against Plaintiff in relation to his protected activity and the circumstances surrounding the taken against him, sufficiently link his protected activity to the hostile work environment he was receiving. Plaintiff will withdraw his hostile work environment claims as to Counts 1 (race) and 4

(disability). Plaintiff should be allowed to conduct discovery on his remaining claims of hostile work environment so that he may further expound on the circumstances surrounding conduct at summary judgment or trial.

## CONCLUSION

For all the foregoing reasons, Defendant's Motion should be denied in its entirety and Plaintiff should be afforded the opportunity to engage in discovery and present his case at summary judgment or trial.

RAVIEL WINTERS

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith #6180407IL
10 N. Martingale Road, Suite 400
Schaumburg, IL 60173
(847) 466-1099

**CERTIFICATE OF SERVICE**

I, Michael T. Smith, attorney, hereby certify that on August 25, 2017, I electronically filed the attached Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

                                              **/s/ Michael T. Smith**
                                              Michael T. Smith #6180407IL
                                              10 N. Martingale Road, Suite 400
                                              Schaumburg, IL 60173
                                              (847) 466-1099